1JONES, Judge.
Appellant Pamela Shirley has suspen-sively appealed the trial court’s ruling requiring her to vacate leased property. While Ms. Shirley argues numerous issues regarding her civil rights, these issues are not properly before this court and we will not address them. The sole issue before us is whether Ms. Shirley was properly evicted from the premises by Appellee Carmelite LaPorte. We find that she was and affirm the trial court’s decision.
Facts
Ms. Shirley lives at 1834 Hasting Place in New Orleans. She alleges that she acquired lease of this property in February 1998 through the oral rental agreement made with the previous owner, Miss Pauline Abadie. Miss Abadie died in June of 1998 at which time the property was acquired by Mrs. LaPorte (believed to be Miss. Abadie’s sister as the briefs are not clear and Appellee’s brief does not mention Miss. Abadie at all).
Ms. Shirley alleges that she always hand delivered her monthly rental payments of $170-$175 ($150 for rent and $20-$25 for water) to Miss. Abadie; however after Miss Abadie’s death, she would bring the payments to Mrs. LaPorte | ¡who lived next door. Mrs. LaPorte subsequently moved and Ms. Shirley paid her rent to her via money orders through certified mail.
Ms. Shirley contends that the property was inspected prior to her moving into the premises and her unwillingness to allow James LaPorte (son of Mrs. LaPorte) to inspect the property a second time triggered eviction proceedings.
She received a letter dated March 30, 2000 from Mr. LaPorte stating that he wanted to inspect the property and asked that she respond with a convenient time for inspection. Ms. Shirley mailed a written response stating that Mr. LaPorte would not be allowed to inspect the property and that it was her understanding that Mis^, Abadie willed the property to her; there is no proof of this in the record.
On April 27, 2000. Mr. LaPorte attached to Ms. Shirley’s door an Official Notice to Vacate by May 9th. On May 2nd, 2000, Ms. Shirley once again wrote to Mr. LaPorte stating that she had no intention to vacate the premises.
A Rule to Evict Tenant was filed in First City Court on June 2, 2000 and set for June 14th. Judge Angelique Reed found in favor of Ms. LaPorte and ordered that Ms. Shirley had until July 9th, 2000 to vacate the premises. The judgment fur *1236 ther stated that Mr. LaPorte would be allowed to inspect the property on June 14, 2000. Ms. Shirley suspensively appealed.
Argument
The sole issue before this Court is whether Ms. Shirley was properly evicted from the leased premises.
Ms. Shirley admits that she entered into a verbal agreement with Miss. Abadie to lease the premises; this can be legally done under La.C.C. art 2682, Form of Lease, Written or Verbal. Since there was no time fixed as to the length 18of the lease between Ms. Shirley and Miss. Aba-die or the subsequent owner, Mrs. La-Porte, the lease is presumed to be month to month.
Presumed duration of the lease of house where no time specified. If the renting of a house or other edifice, or of an apartment, has been made without fixing its duration, the lease shall be considered to have been month to month. La. C.C. art. 2685. (emphasis added).
Since it has been established that the lease was month to month, it is necessary to determine whether there was proper eviction of a month to month lessee. Ms. LaPorte states that the month to month lease ran from the tenth of one month until the ninth of the following month (in their statement of the case, they erroneously say that the lease ran form the eighth to the ninth). Evidence is contradictory as to when the Official Notice to Vacate was tacked to the property. The notice is dated April 27 and Ms. Shirley admits that she received it on April 29th.
Notice of termination when agreement has no duration. The parties must abide by the agreement as fixed at the time of the lease. If no time for its duration has been agreed on, the party desiring to put an end to it must give notice in uniting to the other, at least ten days before the expiration of the month which has begun to run. La C.C. art 2686. (emphasis added).
Since Ms. Shirley received notice to vacate on April 29th and having established that she was on a month to month lease which ended on the ninth of each month, she was timely notified under the ten day requirement in La. C.C. 2686.
La.Code Civ. Pro. Art 4731(A) provides:
If the lessee or occupant fails to comply with the notice to vacate required under this Tile, or if the lessee has waived his right to notice to vacate by written waiver contained in the lease, and has lost his right of occupancy |4for any reason, the lessor or owner, or agent thereof, may cause the lessee or occupant to be cited summarily by a court of competent jurisdiction to show cause why he should not be ordered to deliver possession of the premises to the lessor or ovmer. The rule to show cause shall state the grounds upon which eviction is sought. (emphasis added)
In a letter dated May 2, 2000, Ms. Shirley informed Mr. LaPorte that she had no intentions of vacating the premises and that he would have to legally evict her. The letter serves as Ms. Shirley’s overt failure to comply, therefore on June 2, 2000 a Rule to Evict was filed in First City Court. From there, a Rule to show Cause was held on June 14th. Mr. LaPorte had power of attorney to stand for his mother, Mrs. LaPorte and Ms. Shirley was represented by counsel. Testimony established that Mrs. LaPorte received rent from Ms. Shirley for May and June 2000 and that the eviction proceeding was not based upon non-payment of rent. The trial court ruled that Ms. Shirley was to vacate the premises on June 9th, 2000. Ms. Shirley has remained in the premises since judgment was rendered and has timely placed *1237 rental payments in the registry of the court per her suspensive appeal.
Decree
For the reasons herein stated, we affirm the judgment of the trial court. The proper procedure to evict Ms. Shirley under Louisiana law was adhered to. The trial court was not erroneous in its findings. We re-affirm the trial court’s order allowing Ms. Shirley to remain in the premises pending this appeal.

AFFIRMED.